IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| PHILLIP COX and TIFFANY COX,<br><br>        Plaintiffs,<br><br>vs.<br><br>AURORA LOAN SERVICES LLC,<br>LEHMAN BROTHERS HOLDING,<br>INC.,<br><br>        Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 1:10CV159DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The court concludes that a hearing would not aid in its determination of the pending motion. The court has considered carefully the memoranda and other materials submitted by the parties, as well as the law and facts relating to the motion. Now being fully advised, the court renders the following Memorandum Decision and Order.

## BACKGROUND

Plaintiffs contracted to buy a home that was to be completed by February 9, 2006. Plaintiffs used Solidus Financial Resources as a mortgage broker. On February 1, 2006, Defendant Aurora sent the Plaintiffs disclosures on the First and Fixed Second Mortgages. The disclosures provided for no prepayment penalties on either loan. On February 1, 2006,

1

Defendant Lehman provided an Interest Rate Acknowledgment that had the box next to the Prepayment Penalty checked "no."

The loans closed on February 9, 2006. At the closing, Plaintiffs were presented with a Prepayment Penalty Disclosure that stated that there was a prepayment penalty for the first three years of the loan. Further, there was a Prepayment Note Addendum, dated February 1, 2006, that states that there is a prepayment penalty.

Plaintiffs were surprised at closing with the prepayment penalty because they had been previously told there would not be a prepayment. Plaintiffs allege that because of the prepayment penalty, they were not able to refinance the loan.

## DISCUSSION

### Defendants' Motion to Dismiss

Defendants seek dismissal of both causes of action asserted in the Complaint. Defendants argue that Plaintiffs good faith and fair dealing claim must be dismissed because it contradicts express terms of the written contracts and Plaintiffs' fraud in the inducement claim is barred by the statute of limitations.

**A. Covenant of Good Faith and Fair Dealing**

The Tenth Circuit has recognized that while a violation of the covenant of good faith and fair dealing "is generally a factual issue," it "should be decided as a matter of law 'when reasonable minds could not differ in concluding that the [alleged breaching] party . . . did not wrongfully exercise its discretionary power or contractual authority for a reason beyond the risks that the other party assumed or for a reason inconsistent with the other party's justified expectations." *J.R. Simplot v. Chevron Pipeline, Co.*, 563 F.3d 1102, 1113 (10th Cir. 2009)

(citation omitted).

"The scope of the implied covenant of good faith and fair dealing 'turns on the extent to which the contracting parties have defined their expectations and imposed limitations on contract terms.'" *Id.* The court further explained four general principles in defining the scope of the covenant:

> First, the covenant cannot be understood 'to establish new, independent rights or duties to which the parties did not agree ex ante." Second, the covenant cannot result in 'rights and duties inconsistent with express contractual terms." Third, the covenant cannot force 'a contractual party to exercise a contractual right to its own detriment for the purpose of benefitting another party to the contract." Finally, the covenant cannot be used to achieve an outcome inconsistent with the written terms of the contract.

*Id.*

In this case, Plaintiffs admit that they were presented with a Prepayment Disclosure at the closing. Although Plaintiffs state that they were surprised by the prepayment penalty, they signed the documents. The covenant of good faith and fair dealing cannot now be used to contradict the terms of the written documents signed by the parties. Those documents expressly provide for a prepayment penalty. The duty of good faith and fair dealing is limited by the terms of the agreement. It cannot create new rights that are inconsistent with the express contractual terms. Accordingly, Plaintiffs do not have a basis for relief under the covenant of the good faith and fair dealing. The court, therefore, grants Defendants' motion to dismiss the first cause of action.

**B. Fraud in the Inducement**

Defendant next move to dismiss the second cause of action, arguing that Plaintiff's fraud in the inducement claim is barred by the applicable statute of limitations. Under Utah Code

Annotated § 78B-2-305, a claim for relief based on fraud or mistake must be brought within three years. A claim does not accrue, however, until the aggrieved party discovers the facts constituting the fraud of mistake. Discovery by the aggrieved party of the facts constituting an alleged fraud is measured from the time the fraud was actually known or could have been discovered through the exercise of reasonable diligence.

In this case, the alleged fraudulent inducement was the inclusion of the prepayment penalties in the documents at the loan closing which took place on February 9, 2006. Plaintiffs filed their Complaint on September 1, 2010. Plaintiffs claim that the fraud was contained in the terms of the contract that they signed at the closing. They also allege in the Complaint that they were surprised at the closing with the prepayment penalty. This allegation demonstrates that Plaintiffs were aware of the allegedly fraudulent conduct at the time of the closing. Accordingly, Plaintiffs' fraud in the inducement claim is barred by the three-year statute of limitations.

## CONCLUSION

Defendants' Motion to Dismiss is GRANTED, and Plaintiffs' Complaint is DISMISSED. All parties are to bear their and its own fees and costs.

DATED this 5th day of January, 2011.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge